O

JS - 6

cc:order, docket,remand letter
to Los Angeles Superior Court,
No. BC 443934

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS WEIMER,<br><br>            Plaintiff,<br><br>    v.<br><br>EMC-CHASE QUALITY LOAN<br>SERVICE,<br><br>            Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 10-07372 DDP (RZx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Motion filed on May 2, 2011] |

Presently before the court is JPMorgan Chase Bank, N.A., as successor in interest to EMC Mortgage LLC's and JPMorgan Chase Bank, N.A.'s (collectively "Defendants") Motion to Dismiss the First Amended Complaint ("FAC") of Plaintiff Nicholas Weimer. Having considered the parties' pleadings and the arguments therein, the court GRANTS Defendants' Motion to Dismiss.

**I.   BACKGROUND**

On or about January 2008, Plaintiff obtained a loan in the amount of $1,000,000 to purchase real property located at 1080-1082 South Genesee Avenue, Los Angeles, California 90019 (the "Property"). (Compl. ¶ 6.) Plaintiff defaulted on the loan in February 2009. (Id. ¶ 7.) Plaintiff then entered into a modfied

mortgage agreement whereby Plaintiff's monthly payment amount was reduced. (Id. ¶ 8.) Thereafter, according to Plaintiff, Defendant Chase bank purchased EMC Mortgage Corporation, and Chase Bank refused to honor the modification agreement and demanded payment of the loan pursuant to the original payment amounts. (Id. ¶¶ 9-10.) At this time, the Property was being used as a rental unit and Plaintiff was not residing at the Property. In November 2009, Plaintiff received from his tenants approximately 8-10 letters sent by Quality Loan Services warning of foreclosure and claiming that Plaintiff was in arrears on the loan for a sum of approximately $50,000. (Id. ¶ 11.)

According to Plaintiff's complaint, a sale was held on August 19, 2010, and at that time the Property was sold. (Id. ¶ 18.)

Plaintiff now brings suit for breach of the implied covenant of good faith and fair dealing, fraud, interference with prospective business advantage, unfair competition, unfair debt collection, violation of RICO, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent misrepresentation, and to quiet title. (Id. ¶¶ 19-50.) As security for the $963,000 note, Jose Munoz Valasco and Lucila Munoz signed a Deed of Trust. (Deed of Trust, Compl., Ex. A.) The loan was originated by Metrostate Financial & Real Estate Corp. (Id.) In July 2007, the original purchasers conveyed their interest in the property to Hacienda Ranch Trust and named Plaintiff as trustee. (Grant Deed, Compl., Ex. B.) Shortly thereafter, the loan was in default. (Compl. ¶ 32.) On July 2, 2008, the property was sold in a foreclosure sale. (Id. ¶ 35.)

1    Plaintiff filed a complaint, alleging various violations of
2  California law, in Superior Court on October 29, 2010.  (Dkt. No.
3  1.)  Defendants removed on the basis of diversity jurisdiction, and
4  on January 18, 2010, Defendants motioned to dismiss Plaintiff's
5  complaint.

6  **II.  LEGAL STANDARD**

7    **A.   Rule 12(b)(6)**

8    Rule 8 of the Federal Rules of Civil Procedure "requires more
9  than labels and conclusions, and a formulaic recitation of the
10  elements of a cause of action will not do . . .  Factual
11  allegations must be enough to raise a right to relief above the
12  speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,
13  555 (2007).  When considering a 12(b)(6) motion to dismiss for
14  failure to state a claim, "all allegations of material fact are
15  accepted as true and should be construed in the light most
16  favorable to the plaintiff." <u>Resnick v. Hayes</u>, 213 F.3d 443, 447
17  (9th Cir. 2000).

18    A court need not accept as true conclusory allegations or
19  allegations stating a legal conclusion.  <u>In re Stac Elecs. Sec.</u>
20  <u>Litig.</u>, 89 F.3d 1399, 1403 (9th Cir. 1996); <u>Iqbal v. Ashcroft</u>, 129
21  S.Ct. 1937, 1940-41 (2009) ("mere conclusions[] are not entitled to
22  the assumption of truth.").  A court properly dismisses a complaint
23  on a Rule 12(b)(6) motion based upon the "lack of a cognizable
24  legal theory" or "the absence of sufficient facts alleged under the
25  cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901
26  F.2d 696, 699 (9th Cir. 1990).  The plaintiffs must allege
27  "plausible grounds to infer" that their claims rise "above the
28  speculative level." <u>Twombly</u>, 127 S. Ct. at 1965.  That is, the

1   plaintiffs' obligation requires more than "labels and conclusions"

2   or a "formulaic recitation of the elements of a cause of action."

3   <u>Id.</u> at 1964-65.

4   **III. DISCUSSION**

5       **A.   Improper Foreclosure**

6       Both parties agree that the sale of the Property never

7   occurred.   Therefore, Plaintiff's claim of improper foreclosure is

8   moot and dismissed with prejudice.

9       **B.   RICO**

10      The Racketeer Influenced and Corrupt Organizations ("RICO")

11   Act, passed in 1970 as Title IX of the Organized Crime Control Act,

12   provides for both criminal and civil liability. Pub.L. No. 91-452,

13   § 901, 84 Stat. 922 (1970) (codified at 18 U.S.C. §§ 1961-1968).

14   To state a claim under § 1962(c), a plaintiff must allege "(1)

15   conduct (2) of an enterprise (3) through a pattern (4) of

16   racketeering activity." <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S.

17   479, 496 (1985).

18      Here, Plaintiff alleges that Chase Bank and Quality Loan

19   Service engaged in a rackateering scheme.   Specifically, Plaintiff

20   claims that Defendants refused to accept lawful tenders of payments

21   due and sent "inflammatory and false information to plaintiff's

22   tenants" regarding foreclosure before any foreclosure took place or

23   was even looming. (Compl. ¶ 34.)   These acts were, Plaintiff

24   alleges, done using the "U.S. mail and federal wire system." (<u>Id.</u>

25   ¶ 35.)

26      Plaintiff, in essence, asserts a claim that Defendants engaged

27   in mail and wire fraud.   Both are predicate acts defined by Section

28

1    1961 of RICO.  See 18 U.S.C. § 1961(1); Hemi Group, LLC v. City of

2    New York, N.Y., 130 S. Ct. 983, 987 (2010).

3         Federal Rule of Civil Procedure 9(b) requires that fraud be

4    pled with particularity.  It provides: "In all averments of fraud .

5    . ., the circumstances constituting fraud . . . shall be stated

6    with particularity.  Malice, intent, knowledge, and other condition

7    of mind of a person may be averred generally."  Rule 9(b) "requires

8    the identification of the circumstances constituting fraud so that

9    the defendant can prepare an adequate answer from the allegations."

10   Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393,

11   1400 (9th Cir. 1986) (internal quotation marks omitted). "[T]he

12   pleader must state the time, place, and specific content of the

13   false representations as well as the identities of the parties to

14   the misrepresentation."  Id. at 1401; see also Moore v. Kayport

15   Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).  In

16   short, the factual circumstances of the fraud itself must be

17   alleged with particularity. See In re GlenFed, Inc. Sec. Litig., 42

18   F.3d 1541, 1547 (9th Cir. 1994) (en banc).

19        "[A] wire fraud violation consists of (1) the formation of a

20   scheme or artifice to defraud; (2) use of the United States wires

21   or causing a use of the United States wires in furtherance of the

22   scheme; and (3) specific intent to deceive or defraud." Schreiber,

23   806 F.2d at 1400 (citation omitted); see also United States v.

24   McNeil, 320 F.3d 1034, 1040 (9th Cir. 2003).

25        In the present action, as stated above, Plaintiff claims that

26   Defendants sent unwarranted letters threatening foreclosure of his

27   property.  Without more, the allegation that Chase Bank and Quality

28   Loan Service sent letters threatening foreclosure related to one

1   property and addressed to one individual cannot constitute a patter

2   of racketeering activity.  See, e.g., Boyle v. United States, 129

3   S. Ct. 2237, 2246 (2009) (explaining that proof that defendant

4   violated the law in one instance does not establish that the

5   defendant was part of a pattern of racketeering activity; such a

6   claim would require proof that defendant "committed a pattern of []

7   violations or a pattern of state-law [] crimes").

8       Because Plaintiff cannot plead a plausible claim for damages

9   under RICO, the court grants Defendants' motion to dismiss this

10  claim with prejudice.

11      **C.  Remaining state law claims**

12      Plaintiff's improper foreclosure and RICO claims provide the

13  sole basis for federal question jurisdiction.  While federal courts

14  may exercise supplemental jurisdiction over state-law claims "that

15  are so related to claims in the action within [the court's]

16  original jurisdiction that they form part of the same case or

17  controversy under Article III of the United States Constitution,"

18  28 U.S.C. § 1367(a), a court may decline to exercise supplemental

19  jurisdiction where it "has dismissed all claims over which it has

20  original jurisdiction," id. § 1367(c)(3).  Indeed, unless

21  "considerations of judicial economy, convenience[,] and fairness to

22  litigants" weigh in favor of the exercise of supplemental

23  jurisdiction, "a federal court should hesitate to exercise

24  jurisdiction over state claims." United Mine Workers v. Gibbs, 383

25  U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484

26  U.S. 343, 350 (1988) ("[A] federal court should consider and weigh

27  in each case, and at every stage of the litigation, the values of

28  judicial economy, convenience, fairness, and comity.").

1    Accordingly, the court declines to exercise its supplemental
2  jurisdiction here.
3  **IV.   CONCLUSION**
4    For the foregoing reasons, the court GRANTS Defendant's motion
5  to dismiss Plaintiff's RICO and improper foreclosure claims with
6  prejudice.   The court REMANDS Plaintiff's remaining state law
7  claims.

13  IT IS SO ORDERED.

16  Dated: August 26, 2011

17                          DEAN D. PREGERSON
                            United States District Judge